# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-894V
### Filed: December 28, 2021
UNPUBLISHED

---

NORMA BLAIR,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

---

Joint Stipulation on Damages;
Influenza ("Flu") vaccine; Chronic
Inflammatory Demyelinating
Polyneuropathy ("CIDP")

*Anne Carrion Toale, Maglio Christopher and Toale, Sarasota, FL, for petitioner.*
*Adriana Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

On June 19, 2019, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of receiving an influenza ("flu") vaccine, or alternatively that the vaccine significantly aggravated her condition. Petition at 1,7; Stipulation, filed December 28, 2021, at ¶ 2, 4. Petitioner further alleges that she has experienced the residual effects of her condition for more than six months, that there has been no prior award or settlement of a civil action for damages as a result of her condition, and that her vaccine was administered in the United States. Petition at 9; Stipulation at ¶¶ 3-5. "Respondent denies that the flu vaccine caused petitioner to suffer from CIDP or any other injury or her current condition. Respondent further denies that the flu vaccine significantly aggravated any injury or her current condition. " Stipulation at ¶ 6.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on December 28, 2021, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award the following compensation:**

- A lump sum of $279,747.67, which amount represents compensation for first-year life care expenses ($84,747.67) and combined lost earnings, pain and suffering and past unreimbursable expenses ($195,000.00),  in the form of a check payable to petitioner.  Stipulation at ¶ 8.

- A lump sum of $29,097.25, which amount represents reimbursement of a lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and

    Illinois Department of Healthcare and Family Services
    Bureau of Collections
    PO Box 19174
    Springfield, Illinois 62794-9174
    Case Number: 91-244-0707658897

    Petitioner agrees to endorse this check to Illinois Department of Healthcare and Family Services. *Id.*

- An amount sufficient to purchase the annuity contract described in paragraph 10 of the attached Stipulation, paid to the life insurance company from which the annuity will be purchased. *Id.*

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

NORMA BLAIR,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No. 19-894V
Special Master Horner
ECF

### STIPULATION

The parties hereby stipulate to the following matters:

1. Norma Blair, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her flu vaccination on October 12, 2017.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she suffers from chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of receiving the flu vaccine, or alternatively that the vaccine significantly aggravated her condition. Petitioner also alleges that she experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused petitioner to suffer from CIDP or any

other injury or her current condition.  Respondent further denies that the flu vaccine

significantly aggravated any injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the

issues between them shall be settled and that a decision should be entered awarding the

compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with

the terms of this Stipulation, and after petitioner has filed an election to receive compensation

pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue

the following vaccine compensation payments:

      a.    A lump sum of $279,747.67, which amount represents compensation for
first-year life care expenses ($84,747.67) and combined lost earnings, pain
and suffering, and past unreimbursable expenses ($195,000.00) in the
form of a check payable to petitioner;

      b.    A lump sum of $29,097.25, which amount represents reimbursement of a
lien for services rendered on behalf of petitioner, in the form of a check
payable jointly to petitioner and

                Illinois Department of Healthcare and Family Services
                Bureau of Collections
                PO Box 19174
                Springfield, Illinois 62794-9174
                Case Number: 91-244-0707658897

          Petitioner agrees to endorse this check to Illinois Department of
Healthcare and Family Services; and

      c.    An amount sufficient to purchase the annuity contract described in
paragraph 10 below, paid to the life insurance company from which the
annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42

U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and

2

surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company

must have one of the following ratings from two of the following rating organizations:

- a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

- b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

- c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

- d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract

from the Life Insurance Company for the benefit of petitioner, Norma Blair, pursuant to which

the Life Insurance Company will agree to make payments periodically to petitioner as follows

for the following items of compensation:

- a. For future unreimbursable Medigap and Medicare Part D expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,219.12 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

- b. For future unreimbursable Aquatic Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $660.00 to be paid up to the anniversary of the date of judgment in year 2032, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

- c. For future unreimbursable Manual Wheelchair, Manual Wheelchair Maintenance, Manual Wheelchair Cushion, Manual Wheelchair Cushion Cover, Wheelchair Pack, Portable Wheelchair Ramp, Long Handled Body Washer, and Compression Sock expenses, beginning on the first anniversary of the date of judgment, an annual amount of $259.20 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

- d. For future unreimbursable Handheld Shower, Shower Chair, Toilet Seat with Handles, Bedside Stander Pole, Lift Chair, Hoyer Lift, Stocking Donner, Pill Dispenser, Big Keys Keyboard, Hands Free Mouse, and Book Holder expenses, beginning on the first anniversary of the date of

3

judgment, an annual amount of $329.32 to be paid up to the anniversary of the date of judgment in year 2024. Then, on the anniversary of the date of judgment in year 2024, a lump sum of $365.91. Then, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $334.55 to be paid up to the anniversary of the date of judgment in year 2027. Then, on the anniversary of the date of judgment in year 2027, a lump sum of $414.57. Then, beginning on the anniversary of the date of judgment in year 2028, an annual amount of $345.98 to be paid up to the anniversary of the date of judgment in year 2030. Then, on the anniversary of the date of judgment in year 2030, a lump sum of $1,594.98. Thereafter, beginning on the anniversary of the date of judgment in year 2031, an annual amount of $470.88 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e.    For future unreimbursable Life Line, Pads for Incontinence, Pull Ups, Disposable Under pad, Wipe, and Glove expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,941.44 to be paid up to the anniversary of the date of judgment in year 2027. Thereafter, beginning on the anniversary of the date of judgment in year 2027, an annual amount of $2,437.15 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f.    For future unreimbursable Docusate Sodium, Omeprazole, and Vitamin B expenses, beginning on the first anniversary of the date of judgment, an annual amount of $352.84 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g.    For future unreimbursable Home Attendant Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $50,990.75 to be paid up to the anniversary of the date of judgment in year 2031. Thereafter, beginning on the anniversary of the date of judgment in year 2031, an annual amount of $81,585.20 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h.    For future unreimbursable Mileage for Medical and Therapeutic Appointments, beginning on the first anniversary of the date of judgment, an annual amount of $182.08 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set

4

forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Norma Blair, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Norma Blair's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable

5

under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 12, 2017, as alleged by petitioner in a petition for vaccine compensation filed on or about June 19, 2019, in the United States Court of Federal Claims as petition No. 19-894V.

6

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused or significantly aggravated petitioner's alleged CIDP or any other injury or her current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

### END OF STIPULATION

7

Respectfully submitted,

PETITIONER:

_Norma Blair_

NORMA BLAIR

ATTORNEY OF RECORD FOR
PETITIONER:

for _Jeffrey Nelson_

ANNE CARRION TOALE, ESQ.
MAGLIO CHRISTOPHER & TOALE, PA
1605 Main Street, Suite 710
Sarasota, Florida 34236
Tel: (888) 952-5242
Email: atoale@mctlaw.com

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_Dale Mishler, DHSc, APRN, for_

TAMARA OVERBY
Acting Director, Division of Injury
   Compensation Programs
Health Systems Bureau
Health Resources and Services
   Administration
U.S. Department of Health
   and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 12/28/2021

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_Heather L. Pearlman_

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

_Adriana K Teitel
by Heather L Pearlm_

ADRIANA R. TEITEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3677
Email: adriana.teitel@usdoj.gov

8